IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| USAA GENERAL INDEMNITY COMPANY<br>9800 Fredericksburg Road<br>San Antonio, TX  78288 | : CIVIL ACTION<br>:<br>:<br>: |
| v. | :<br>: NO: 19-cv-03820 |
| ELISABETH FLOYD<br>Inmate No:  PA 1055<br>SCI Muncy State Prison<br>6454 Route 405<br>Muncy, PA   17756 | :<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF DEFAULT JUDGMENT OF PLAINTIFF, USAA
GENERAL INDEMNITY COMPANY**

**I.     BACKGROUND**

On or about September 20, 2017, Anne P. Combs, Executrix of the Estate of Alfred C. Payne and Anne P. Combs in her own right (hereinafter, "Combs") filed a civil lawsuit against Elisabeth Anna Floyd, et al in the Court of Common Pleas, Montgomery County, Civil Division, captioned Anne P. Combs, Executrix of the Estate of Alfred C. Payne and Anne P. Combs in her own right v. Elisabeth Anna Floyd, et al, Case No. 2007-23008 ("the underlying lawsuit"). A true and correct copy of the Original Complaint in the underlying lawsuit is attached hereto, incorporated herein and marked as Exhibit "A" to Exhibit "1."

The Original Complaint alleges that on the morning of September 21, 2015, Elisabeth Anna Floyd exited her home and walked across the street where she "viciously and violently assaulted Alfred C. Payne, a 97 year old male in the driveway of his home…"
It is further alleged in the Original Complaint that as a "direct result of the aforesaid violent assault," Alfred C. Payne sustained serious personal injury which resulted in his death on February 9, 2016. See, Exhibit "A" at ¶¶ 5 and 7.

On or about November 8, 2017, Anne Combs, filed an Amended Complaint in the underlying lawsuit. A true and correct copy of the Amended Complaint is attached hereto, incorporated herein and marked as Exhibit "B" to Exhibit "1."

The Amended Complaint alleges that on the morning of September 21, 2015, Defendant, Elisabeth Anna Floyd exited her home and walked across the street where she "recklessly and aggressively knocked into and caused Alfred C. Payne, a 97 year old male to fall in and around the driveway of his home..." It further alleges that as "a direct result of the reckless conduct" of Defendant, Elisabeth Anna Floyd, Alfred C. Payne sustained serious personal injuries which resulted in his death on February 9, 2016." See Exhibit "B" to Exhibit "1" at ¶¶6 and 8.

The Amended Complaint contains Counts for wrongful death and a survival action against Defendant, Elisabeth Anna Floyd, and a claim for punitive damages against Defendant, Elisabeth Anna Floyd. The Amended Complaint seeks damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages. See, Exhibit "B" to Exhibit "1."

As a result of the claims alleged against Defendant, Elisabeth Anna Floyd in the underlying lawsuit brought by Anne Combs, Defendant, Floyd has sought defense and indemnification from USAA pursuant to a Homeowners Policy discussed in detail below.

Plaintiff, USAA, is presently defending Defendant, Elisabeth Anna Floyd in the underlying lawsuit under a reservation of rights and Defendant, Elisabeth Anna Floyd has been put on notice that USAA believes it owes no duty to defend or to indemnify her with respect to the underlying lawsuit.

2

## II. STANDARDS OF REVIEW

### A. Default Judgment

Rule 55(b)(2) authorizes a court to enter judgment by default against "a properly served defendant who fails to plead or otherwise defend an action." La. Counseling & Family Servs. v. Makrygialos, LLC, 543 F. Supp. 2d 359, 364 (D. N.J. 2008). A court uses its discretion to decide whether to enter judgment by default, considering (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). A court must accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

### B. Pennsylvania Insurance Law-The Duty to Defend and Indemnify and the Four Corners Rule

Under Pennsylvania law "[a]n insurer's duty to defend an insured in litigation is broader than the duty to indemnify." Frog, Switch & Mfg. Co. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999) (citing Erie Ins. Exch. v. Claypoole, 449 Pa. Super. 142, 673 A.2d 348, 355 (Pa. Super. Ct. 1996)). The "obligation to defend arises whenever the complaint filed by the injured party may potentially come within the coverage of the policy." Gedeon v. State Farm Mut. Auto. Ins. Co., 410 Pa. 55, 188 A.2d 320, 322 (Pa. 1963). "If a single claim in a multi-claim lawsuit is potentially covered, the insurer must defend all claims until there is no possibility that the underlying plaintiff could recover on a covered claim." Frog, Switch & Mfg. Co., 193 F.3d at 746.

3

The duty to defend continues until such time as the claim is limited to relief that the policy does not cover. Gen. Acc. Ins. Co. of Am. v. Allen, 547 Pa. 693, 692 A.2d 1089, 1095 (Pa. 1997). Conversely, if an injured party's complaint does not potentially come within the coverage of the policy, the duty to defend is not activated. See, Erie Ins. Exch. v. Claypoole, 449 Pa. Super. 142, 673 A.2d 348, 355-56 (Pa. Super. 1996) ("[O]nly allegations contained within the underlying complaint pertaining to injuries which are either actually or potentially within the scope of the insurance policy obligate the insurer to defend the insured."). If there is no duty to defend there is no duty to indemnify. Lexington Ins. Co. v Charter Oak Fire Ins. Co., 81 A.3d 903, 912, (Pa. Super. 2013), citing Scopel v Donegal Mut. Ins. Co. 698 A.2d 602, 605 (Pa. Super. 1997).

A court ascertaining whether an insurer has a duty to defend its insured makes its determination by defining the scope of coverage under the insurance policy on which the insured relies and comparing the scope of coverage to the allegations of the underlying complaint. Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 673 (3d Cir. 2016); Gen. Accident Ins. Co. of Am. v. Allen, 547 Pa. 693, 692 A.2d 1089, 1095 (Pa. 1997). If the allegations of the underlying complaint potentially could support recovery under the policy, there will be coverage at least to the extent that the insurer has a duty to defend its insured in the case. Ramara, Inc., 814 F.3d at 673; Gen Accident Ins. Co. of Am., 692 A.2d at 1095. In determining the scope of coverage, "the particular cause of action that a complainant pleads is not determinative," and instead, "it is necessary to look at the factual allegations contained in the complaint." Mut. Benefit Ins. Co. v. Haver, 555 Pa. 534, 725 A.2d 743, 745 (Pa. 1999).

4

The insured has the initial burden of establishing coverage under an insurance policy. Butterfield v. Giuntoli, 448 Pa. Super. 1, 670 A.2d 646, 651-52 (Pa. Super. 1995). If coverage is established, the insurer then bears the burden of proving that an exclusion applies. Madison Constr. Co. v. Harleysville Mut. Ins. Co., 557 Pa. 595, 735 A.2d 100, 106 (Pa. 1999).

### III. ARGUMENT

**Default Judgment**

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). Entry of default does not entitle a claimant to default judgment as matter of right. Moore's Federal Practice § 55.31 (2010). Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to either render default judgment or refuse to render default judgment rests in the discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. See e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c). As the Third Circuit has explained:

> In most instances where a party's right to prosecute or defend would be terminated as a sanction, the moving party has the burden of creating a record showing the appropriateness of this ultimate sanction and the district court has the responsibility of making a

5

> determination on that issue in light of considerations like those articulated in Poulis. When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred. Even in those situations, however, consideration of Poulis type factors is required if a motion to lift the default is filed under Rule 55(c) or Rule 60(b) and a record is supplied that will permit such consideration.

Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Here, it is clear that the factors weigh in favor of granting a default judgment.

### 1. There is Risk of Prejudice to Plaintiff

First, there is a risk of prejudice to Plaintiff, USAA if default is denied. Without resolution of this declaratory judgment action Plaintiff, USAA will be forced to continue to pay the cost for the defense of Defendant, Floyd in the underling litigation and perhaps have to pay indemnity were no insurance coverage is owed. This Declaratory Judgment Action is Plaintiff, USAA's only recourse to have the rights of the parties under the insurance contract declared.

### 2. Defendant Floyd Has Not Asserted Any Defense

Second, Defendant, Floyd, currently incarcerated at Muncy Prison has not asserted any defense, either by answering the allegations in the complaint or by opposing the entry of default judgment despite being personally served. See Exhibits "2" and "4."

### 3. Defendant Floyd Does Not Have A Meritorious Defense

Finally, a review of the language of the policy at issue, the criminal convictions of Defendant, Floyd and Plaintiff USAA's arguments below, it is clear that Defendant, Floyd cannot have a meritorious defense to this action.

### a. The Vicious And Violent Assault Of Defendant, Floyd Does Not Qualify As An "Occurrence"

The vicious and violent assault committed by Defendant, Elisabeth Anna Floyd on Alfred Payne on September 21, 2015 does not constitute an "occurrence" under the Homeowners Policy.

The term "occurrence" is defined under the Homeowners Policy, in relevant part, as an "accident." See, Exhibit "D" to Exhibit "1" at USAA-0010. Under Pennsylvania law, an "accident" within an insurance contract means "an unexpected and undesirable event occurring unintentionally, and the key term in the definition of the 'accident' is 'unexpected' which implies a degree of fortuity." "An injury therefore is not 'accidental' if the injury was the natural and expected result of the insured's actions." Donegal Mut. Ins. Co. v. Baumhammers, 595 Pa. 147, 158, 938 A.2d 286, 292 (2007).

While the Amended Complaint does not go into detail concerning the vicious and violent assault on September 21, 2015, it clearly refers to a matter of public record, namely that a criminal jury convicted Defendant, Elisabeth Anna Floyd, of aggravated assault in the Court of Common Pleas of Montgomery County where she was represented by counsel. See Exhibit "C" to Exhibit "1."

As a result of assaulting Alfred Payne on September 21, 2015 Defendant, Elisabeth Anna Floyd, was arrested and charged with multiple criminal charges. A true and correct copy of the Montgomery County Court of Common Pleas Court Summary and Criminal Dockets for CP-46CR-0000352-2016, CP-46CR-0005178-2016 and CP-46-MD-0000235-2016 are attached hereto, incorporated herein and marked as Exhibit "C" to Exhibit "1".

Defendant, Elisabeth Anna Floyd, was determined by a jury in the Criminal Court to have been guilty of committing Aggravated Assault, inter alia, on Alfred Payne violating 18 Pa. C.S. §2702(a)(1) of the Pennsylvania Code. See, Exhibit "C."

Under §2702(a)(1) of the Pennsylvania Code, the criminal offense of Aggravated Assault is a Felony of the First Degree and defined as follows:

    a.    Offense Defined—A person is guilty of aggravated assault if he

(1) Attempts to cause serious bodily injury to another or causes such injury intentionally, knowingly or recklessly under the circumstances manifesting extreme influence to the value of human life...18 Pa. C.S. §2702(a)(1).

As such, to convict Defendant, Elisabeth Anna Floyd of Aggravated Assault the criminal jury found she attempted to cause serious bodily injury to Alfred Payne intentionally, knowingly, or recklessly.

The statutory criminal definition of recklessness states that a person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. 18 Pa. C.S.A. § 302(b)(3).

Mere recklessness is insufficient to support a conviction for aggravated assault, which requires a higher degree of culpability, i.e., that which considers and then disregards the threat necessarily posed to human life by the offending conduct. There must be an element of deliberation or conscious disregard of danger. Commonwealth v. O'Hanlon, 539 Pa. 478 653 A.2d 616 (Pa. 1995).

8

For the degree of recklessness contained in the criminal aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue. The recklessness must, therefore, be such that life threatening injury is essentially certain to occur. This state of mind is, accordingly, equivalent to that which seeks to cause injury. Recklessness required by the aggravated assault statute means manifesting extreme indifference to the value of human life. Commonwealth v. O'Hanlon, 539 Pa. 478 653 A.2d 616 (Pa. 1995).

Defendant, Elisabeth Anna Floyd's conviction for Aggravated Assault conclusively establishes that Defendant, Elisabeth Anna Floyd's actions against Alfred Payne were performed intentionally, knowingly or with a state of mind equivalent to that which seeks to cause bodily injury. 18 Pa. C.S. §2702(a)(1).

Because of her criminal conviction for Aggravated Assault, Defendant, Floyd is now collaterally estopped from disputing whether her actions in causing bodily injury to Alfred Payne were performed intentionally, knowingly or with a state of mind equivalent to that which seeks to cause bodily injury. 18 Pa. C.S. §2702(a)(1). See, State Farm Fire & Casualty Co. v. Bellina. 264 F. Supp. 2d 198 (E.D. Pa. 2003)(Where carrier sought a declaration there was no coverage under a Homeowners Policy the court held the defendants were collaterally estopped from relitigating the insured's intent, where the insured was convicted of manslaughter; insured intent had been established by criminal jury and expected or intended exclusion applied to bar coverage).

The issue of Defendant, Floyd's intent cannot be subsequently re-litigated here and Defendant, Floyd is precluded from litigating the issue of her intent because that intent was conclusively established when Defendant, Floyd was found guilty of aggravated assault, a

9

conviction which required the jury to find that Defendant Floyd acted intentionally, knowingly or with a state of mind equivalent to that which seeks to cause bodily injury.

Since it has already been established by a criminal conviction that the actions of Defendant, Elisabeth Anna Floyd in causing bodily injury to Alfred C. Payne were done intentionally, knowingly or under circumstances which almost assured that injury or death would ensue, such that a life threatening injury was essentially certain to occur, the injuries to Alfred C. Payne were a natural and expected result of Defendant, Floyd and cannot be an "occurrence". See, State Farm Fire & Casualty Co. v. Bellina. 264 F. Supp. 2d 198 (E.D. Pa. 2003).

Therefore, Defendant, Floyd does not have a meritorious defense to this action.

### b. The Claims Arising From The Vicious And Violent Assault By Defendant, Floyd Are Excluded From Coverage Based Upon The Expected Or Intended Exclusion

Even if this Honorable Court were to conclude the claims in the underlying litigation constitute an "occurrence" the claims asserted against Defendant, Floyd in the underlying lawsuit are alternatively excluded from coverage under the expected or intended exclusion in the Homeowners Policy. Specifically, the Policy states that Personal Liability Coverage does not apply to "bodily injury" which is reasonably expected or intended by any "insured" even if the resulting "bodily injury" is a different kind, quality or degree than initially expected or intended or sustained by a different person, entity, real or personal property than initially expected or intended. See, Exhibit "D" to Exhibit "1" at USAA-34.

Since it has already been established by a criminal conviction that the actions of Defendant, Floyd in causing bodily injury to Alfred C. Payne were done intentionally, knowingly or under circumstances which almost assured that injury or death would ensue, such that a life threatening injury was essentially certain to occur, the exclusion for expected and intended injury

applies and USAA does not owe any duty to defend Defendant, Floyd for any claims in the underlying litigation.

Where crimes, such as assault or murder, are intentional on their face they are "not covered as these are 'reasonably expected' to bring about the bodily harm caused." Allstate Ins. Co. v. Hopfer, 672 F. Supp. 2d 682, 689 (E.D. Pa. Nov. 18, 2009) (citing State Farm Fire and Cas. Co. v. Bellina, 264 F. Supp. 2d 198 (E.D. Pa. 2003) (citations omitted)); see also Allstate Ins. Co. v. Sheridan, 82 Fed. Appx. 777, 780 (3d Cir. 2003) (act of shooting was intentional within the meaning of the policy, thereby absolving Allstate of responsibility; and the purported lack of mental capacity at the time of the shooting is irrelevant).

Therefore, Defendant, Floyd does not have a meritorious defense to this action.

### c. The Claims Are Excluded From Coverage Based Upon The Physical Abuse Exclusion Contained In The Homeowners Policy

The Homeowners Policy contains an exclusion for physical abuse and states as follows:

1. Coverage E - Personal Liability and Coverage F - Medical Payments to Others do not apply to "bodily injury" or "property damage":

\* \* \* \*

r. Arising out of any actual, alleged or threatened physical or mental abuse.

See, Exhibit "D" at USAA 36.

Here the phrase "arising out of" is used in the exclusionary provision which means the exclusion applies broadly. The phrase "arising out of" in an insurance policy means "causally connected with, not proximately caused by. "But for" causation, i.e., a cause and result relationship, is enough to satisfy this provision of the policy". Forum Insurance Co. v. Allied Security, Inc., 866 F.2d 80, 82 (3rd Cir. 1989), quoting McCabe v. Old Republic Insurance Co., 425 Pa 221, 228 A.2d 901, 903 (1967); U, 557 Pa. 595, 612, 735 A.2d 100, 110 (Pa. 1999).

11

While the "but for" interpretation of the phrase "arising out of" originated in the context of policy exclusions applying to matters "arising out of and in the course of employment," it has since been applied to policy exclusions generally.

This matter is controlled by Homesite Ins. Co. v. Neary, 341 F.Supp 3d 468 (E.D. Pa 2017) where Waris alleged in an underlying complaint that his roommate, Neary committed a "violent criminal assault" against him. After the assault Neary delayed in seeking help or medical care for Waris, thereby exacerbating Waris' injuries. As a result of the attack, Waris suffered a traumatic brain injury which caused memory loss, concentration issues, headaches, insomnia, and emotional distress. The underlying complaint against Neary contained counts for negligence and recklessness, negligent infliction of emotional distress and negligent failure to rescue. Neary sought insurance coverage from Homesite but the Homesite policy had an exclusion for injuries "[a]rising out of physical or mental abuse." Initially, the Court disregarded the negligence claims noting that it is well-established that an artful pleading will not trigger an insurer's duty to defend. 341 F.Supp 3d at 473 (citing State Farm Fire & Cas. Co. v. Estate of Mehlman, 589 F.3d 105, 116 (3d Cir. 2009)). Rather, the Court stated it must look to the factual allegations of the complaint. And while the underlying complaint did not go into detail surrounding the "violent criminal assault" referenced in the Complaint, it referred to a matter of public record, which the Court noted no party could dispute. Neary had plead guilty to a felony charge of aggravated assault in the Court of Common Pleas of Montgomery County where Neary was represented by counsel. Citing 18 Pa. Cons. Stat. Ann. § 2702(a)(1) that a person is guilty of aggravated assault if he causes "serious bodily injury to another . . . intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life" the Court held any attempt to characterize causes of action arising from the assault as claims sounding in negligence

12

was insufficient to trigger Homesite's duty to defend. In so holding, the Court noted the policy's failure to specifically exclude coverage for criminal acts was irrelevant because, inter alia, the policy specifically excluded intentional acts of the insured and for injuries "[a]rising out of physical or mental abuse." 341 F Supp. 3d at 474.

As previously stated, the claims asserted in the Amended Complaint arise from the physical abuse of Alfred C. Payne where it is alleged that Defendant, Floyd recklessly and aggressively knocked into him and caused him to fall to the ground. The Amended Complaint describes Defendant, Floyd's actions as "violent acts." See, Exhibit "B" to Exhibit "1" at ¶¶6, 8 and 21.

Moreover, like the insured in the Homesite decision, Defendant Floyd was also represented by an attorney at the criminal trail and convicted of 18 Pa. Cons. Stat. Ann. § 2702(a)(1), aggravated assault.

Since it has already been established by a criminal conviction that the actions of Defendant, Floyd in causing bodily injury to Alfred C. Payne were done intentionally, knowingly or under circumstances which almost assured that injury or death would ensue, such that a life threatening injury was essentially certain to occur, the exclusion for physical abuse applies regardless of any negligence claims in the underlying litigation and USAA does not owe any duty to defend Defendant, Floyd for any claims in the underlying litigation. See Homesite Ins. Co. v. Neary, 341 F.Supp 3d 468 (E.D. Pa 2017).

Therefore, Defendant, Floyd does not have a meritorious defense to this action and default judgment should be entered.

### d. Duty to Indemnify

"[T]he duty to indemnify . . . arises only if it is established that the insured's damages are actually covered by the terms of the policy." Allstate Ins. Co. v. Drumheller, 185 F. App'x 152, 154 n.2 (3d Cir. 2006). In other words, an insurer "must indemnify its insured only if liability is found for conduct that actually falls within the scope of the policy." Britamco Underwriters, Inc. v. C.J.H., Inc., 845 F. Supp. 1090, 1094 (E.D. Pa.), aff'd, 37 F.3d 1485 (3d Cir. 1994). Although a duty to defend can exist without a duty to indemnify, a duty to indemnify cannot exist without a duty to defend. Regent Ins. Co. v. Strausser Enters., Inc., 902 F. Supp. 2d 628, 636 (E.D. Pa. 2012) (citing The Frog, Switch & Mfg. Co., Inc. v. The Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999)).

"Thus, once a court finds that there is no duty to defend, it must necessarily hold that there is no duty to indemnify either." Westfield Ins. Co. v. Bellevue Holding Co., 856 F. Supp. 2d 683, 702 (E.D. Pa. 2012).

Because the aforesaid establishes Plaintiff USAA has no duty to defend, the duty to indemnify cannot exist.

## IV. CONCLUSION

This Honorable Court has discretion under Rule 55(b) to enter a default judgment after, as here, a default has been entered pursuant to Rule 55(a). See Moore's Federal Practice and Procedure, 55.05(2). In the instant case, Defendant, Floyd has failed to answer the Complaint. The allegations if taken as true, state a claim upon which Plaintiff, USAA would be entitled to its requested relief. As discussed above, the remedy requested by Plaintiff, USAA is consistent with the law of Pennsylvania. In Nationwide Mutual Insurance Company v. Starlight Ballroom Dance Club Inc., 175 Fed. Appx. 519 (3d Cir. 2006), the United States Court of Appeals for the

14

Third Circuit upheld a default judgment taken by Plaintiff, Nationwide against Starlight Ballroom Dance Club, Inc. (hereinafter "Starlight") and declaring Nationwide did not owe a duty to defend or indemnify its insured. Here Nationwide moved for an entry of default which the District Court granted and then later moved for default judgment which was also granted by the Court. However, a month after the Default Judgment was entered the insured moved to open the default.

The facts revealed that while Nationwide's CGL policy was in force, a person was injured at Starlight and sued for personal injuries. While Nationwide defended Starlight in that personal injury action under a Reservations of Rights it instituted its own lawsuit, a Declaratory Judgment action in the United States District Court for the Eastern District of Pennsylvania, stating it had no obligation to defend or indemnify Starlight in the personal injury lawsuit.

The Third Circuit upheld the default judgment and ruled Nationwide owed no coverage. The Court found the insured did not have a meritorious defense to Nationwide's claim that the insured committed fraud in the application for insurance. The Court also held that Starlight failed to contact Nationwide or the District Court at anytime, failed to "answer, appear, or plead in response to the July 20, 2004 summons and complaint" and failed to respond to the entry of default. The Court held this satisfied the culpable conduct standard applied to Starlight. Finally, while the Court recognized the law favors disposition of claims on the merits, and therefore "in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits" the case did not present such a situation and the Court held that Nationwide would have been prejudiced if the case had been reopened.

For the same reasons discussed in <u>Nationwide Mutual Insurance Company v. Starlight Ballroom Dance Club Inc.</u>, 175 Fed. Appx. 519 (3d Cir. 2006) Plaintiff, USAA respectfully requests this Honorable Court enter default judgment against Defendant, Floyd and declare that Plaintiff, USAA has neither a duty to defend nor a duty to indemnify Defendant, Floyd in <u>Anne P. Combs, Executrix of the Estate of Alfred C. Payne and Anne P. Combs, in her own right v. Elisabeth Anna Floyd, et al</u>, Court of Common Pleas, Montgomery County, Civil Division, Case Number: 2007-23008.

                              MARSHALL DENNEHEY WARNER
                              COLEMAN & GOGGIN

BY: _____
      JOHN R. RIDDELL, ESQUIRE
      620 Freedom Business Center Drive
      Suite 300
      King of Prussia, PA  19406
      (610) 354-8489
      jrriddell@mdwcg.com
      Attorney for Plaintiff, USAA General
      Indemnity Insurance Company

Date: 10/29/19