IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| USAA GENERAL INDEMNITY COMPANY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ELISABETH FLOYD, | : | No. 19-03820 |
| Defendant. | : | |

## MEMORANDUM

**Schiller, J.**                                                                         November 25, 2019

Now before this Court is USAA General Indemnity Company's Motion for Default Judgment against Elisabeth Floyd ("Floyd"). USAA has asked this Court for a declaratory judgment that it owes no duty to defend or indemnify Elisabeth Floyd, its insured, against a wrongful death suit in the Montgomery County Court of Common Pleas. Floyd has not answered USAA's Complaint or otherwise participated in this lawsuit. Because this case meets the substantive and procedural prerequisites for a default judgment, the Court will grant USAA's motion.

## I. BACKGROUND

Anna Combs sued Elisabeth Floyd, along with her husband Kelly Floyd, in the Montgomery Country Court of Common Pleas. Combs seeks to hold the Floyds liable for the death of her father, Alfred Payne. Combs alleges that "[o]n the morning of September 21, 2015, defendant Elisabeth Anna Floyd, exited her home . . . and walked across the street where she recklessly and aggressively knocked into and caused Alfred C. Payne, a ninety seven year old male, to fall in and around the driveway of his home". (Mem. of Law. in Supp. of Mot. of Default J. of Pl., USAA General Indemnity Co. ["USAA's Mem."], Ex. 1 Part 1, at 27.) According to Combs, Floyd left "Payne lying face down and injured in the driveway . . . and made no attempt

to rescue Mr. Payne after she had recklessly put him in peril." (*Id*.) Finally, "[a]s a direct result of the reckless conduct of defendant, Elizabeth Anna Floyd, Alfred C. Payne sustained serious, personal injuries which ultimately resulted in his death on February 9, 2016 . . . ." (*Id*.) Combs claims that Floyd had a "pre-existing history of mental illness which caused her to exhibit violent, aggressive, and irrational behavior", and that Payne's death was the result of Floyd and her husband's "negligent, careless, and reckless" failure to control and protect others from Floyd's illness. (*Id*. at 29-31.).

Combs' civil lawsuit followed a criminal conviction against Floyd arising out of the same events. In 2017, a jury found Floyd guilty of aggravated assault against Payne. (*Id*. at 51.)

On the day Floyd injured Payne, she held a Homeowners Policy ("the Policy") issued by USAA General Indemnity Company. (Compl. ¶ 24.) Floyd claims that the Policy requires USAA to defend and indemnify her from Combs' suit. (*Id*. at ¶ 22.) USAA is presently defending Floyd against Combs, under a reservation of rights, but USAA put Floyd on notice that it does not believe the Policy requires it to defend or indemnify her. (*Id*. at ¶ 23.)

On August 21, 2019, USAA filed this litigation, asking for a declaratory judgment that it has no obligation under the Policy to defend or indemnify Floyd. Floyd was served at SCI Muncy on August 29, 2019, but has taken no action regarding this lawsuit. On October 7, 2019 USAA asked the Clerk of Court to enter a default, which it did that same day. USAA now moves this Court to enter a default judgment.

## II. DISCUSSION

### A. Declaratory Judgment

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. In exercising its discretion under the Declaratory Judgment Act, a district court should consider the following: (1)

the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies." *Terra Nova Ins. Co. v. 900 Bar., Inc.*, 887 F.2d 1213, 1224–25 (3d Cir.1989) (citation omitted).

The *Terra Nova* factors, taken together, support granting declaratory relief. First, a declaratory judgment eliminates uncertainty regarding USAA's obligation to Floyd. Second, a declaratory judgment will be convenient to both parties: it will allow Floyd to make decisions with a complete understanding of USAA's obligations to her, and it will permit USAA to withdraw from a lawsuit in which it has no obligation to participate. Third, the public's interest in settling the uncertainty of USAA's obligation is neutral. Forth, there are no other remedies that will resolve the uncertainty of USAA's position without significant cost and inconvenience to the parties. The Court therefore concludes that declaratory judgment is an appropriate remedy in this case.

**B. Default Judgment**

A court may order a default judgment after the Clerk of Court has entered a default. Fed. R. Civ. P. 55(b)(2). In deciding whether to enter a default judgment, the court considers three factors: (1) whether the defendant lacks a litigable defense; (2) whether the plaintiff would be prejudiced if a default is denied; and (3) whether the defendant's delay is due to its own culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In evaluating these factors, "the court accepts as true the well-pleaded factual allegations in the plaintiffs complaint, except those relating to damages, as though they were admitted or established by proof, as well as all reasonable inferences that can be drawn therefrom." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp.3d 261, 270 (E.D.Pa. 2014) (citations omitted). However, conclusory allegations, legal theories, or conclusions of law are not entitled to the same presumption. *Nova Cas. Co. v. MJR Messenger Inc.*, Civ. A. No. 15-01411, 2015 WL 5063954, at *4 (E.D. Pa. Aug. 27, 2015).

3

Applying this framework, the first two factors weigh in favor of USAA and the third factor is neutral. As a result, USAA is entitled to a default judgment.

### 1. Litigable Defenses

The first factor – whether the defendant has a litigable defense to the claims on which they defaulted – weighs in favor of granting a default judgment. Floyd has no litigable defense to USAA's claim that it has no obligation to defend or indemnify her against Combs.

#### a. USAA's Duty to Defend

To determine whether a complaint against an insurance policy holder triggers the insurers duty to defend, a court engages in a two-step process. First, the court must determine the nature and extent of coverage under the policy. *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 291 (Pa. 2007). To do this, a court interprets a policy according to the plain meaning of the policy's terms. *Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999). Second the court determines whether the allegations in the underlying complaint have the potential to support recovery under the policy. *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673 (3d Cir. 2016). An insurer's duty to defend is triggered if the factual allegations in the complaint, taken as true, "would support a recovery that is covered by the policy." *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987).

USAA claims it has no duty to defend Floyd because (A) the Policy does not require it to defend policy holders in lawsuits arising out of harm the policy holder caused intentionally, and (B) Combs' lawsuit concerns harm that Floyd intentionally inflicted on Payne. (Compl. ¶¶ 32 – 34.) Floyd lacks a litigable defense to either prongs of USAA's argument.

Floyd lacks a litigable defense to USAA's claim that the Policy does not cover lawsuits arising out of harm intentionally inflicted by the policy holder. Under the Policy, USAA must defend Floyd against claims for "damages because of bodily injury or property damages caused

by an *occurrence*" to which the Policy applies. (USAA's Mem., Ex. 1 Part 2, at 33) (emphasis added.) The Policy defines the term "occurrence" as "an accident". (*Id*. at 10.) "[T]he term 'accident' within insurance polices refers to an unexpected and undesirable event occurring unintentionally". *Donegal Mut. Ins. Co.*, 938 A.2d at 292 (internal quotes and citations removed.) "An injury therefore is not 'accidental' if the injury was the natural and expected result of the insured's actions." *Id*. Therefore, USAA is correct, as a matter of law, that the Policy does not obligate it to defend policy holders from lawsuits arising out of bodily harm the policy holder intentionally caused.

Similarly, Floyd lacks a litigable defense to USAA's argument that "the claims in the underlying lawsuit [by Combs] do not qualify as an . . . . 'accident'" (Compl. ¶ 36.) According to the Complaint, "On the morning of September 21, 2015, defendant Elisabeth Anna Floyd, exited her home . . . and walked across the street where she recklessly and aggressively knocked into and caused Alfred C. Payne, a ninety seven year old male, to fall . . . ." (Comp., Ex. B, ¶ 6.) Floyd would need some colorable argument that this language denotes accidental conduct if she hopes to counter USAA's claim. There is no such argument for two reasons.

First, situating the term "recklessly and aggressively knocked into" in the larger context of Combs' complaint makes it clear that the phrase cannot denote unintentional conduct. The overall thrust of Combs' complaint is that Floyd and her husband failed to take appropriate steps to mitigate Floyd's "violent, aggressive, and irrational behavior". (Comp., Ex. B, ¶ 9.) Given the Complaint's numerous refrences to Floyd's "violent, aggressive, and irrational behavior", it is clear that Combs is accusing Floyd of intentionally violation conduct.

5

Second, because a jury has already found that Floyd committed aggravated assault against Payne, Floyd is estopped from arguing that she unintentionally injured Payne. (USAA's Mem., Ex. I Part 1, at 77.) Collateral estoppel precludes the subsequent litigation of an issue where:

> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*In re Estate of Plance*, 175 A.3d 249, 259 (Pa. 2017). Here, the issue decided in the prior case – Floyd's intent – was identical to the issue here. That is to say, in order to find Floyd guilty of aggravated assault against Payne, a jury would have had to find that she acted "intentionally, knowingly or recklessly".[1] 18 Pa. C.S. §2702(a)(1). The determination constituted a final judgment. *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996). Floyd was a party to the criminal case, given a full and fair opportunity to litigate the issue, and a determination about Floyd's intent was essential to the guilty verdict. As such, Floyd is estopped from arguing that Combs' claims arise out of an accident. As a result, she lacks a litigable defense to the claim that Combs' lawsuit concerns Floyd's intentional conduct.[2] Thus, Floyd lacks a litigable defense to USAA's claim that it has no obligation to defend her against Combs.

---

[1] The fact that the jury could have found that Floyd "recklessly" caused Payne's injuries, as opposed to intentionally or knowingly is of no consequence. In Pennsylvania, the degree of recklessness necessary to support a conviction for aggravated assault requires "an element of deliberation or conscious disregard of danger . . . such that life threating injury is essentially certain to occur." *Com. v. O'Hanlon*, 539 Pa. 478, 482 (1995). Thus, in finding that Floyd committed aggravated assault against Payne, the jury necessarily found that Payne's injuries were not an unexpected or fortuitous result of Floyd's conduct.

[2] Under normal circumstances, in Pennsylvania, "[t]he question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint." *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 541 (2010) (citation omitted). To be sure, Floyd's conviction is evidence outside of those eight corners. However, the procedural posture of this case changes the equation. Because Floyd has defaulted and USAA has moved for a default judgment, this Court is not simply applying the standard method for determining whether an insurer has a duty to defend. Instead, this Court is asking whether Floyd has any *litigable* defenses to USAA's claim for declaratory judgment. In other words, it is not enough for there to be some defenses to USAA's claims, it must be a defense Floyd could raise in court. To that end, Floyd's

### b. USAA's Duty to Indemnify

Because USAA has no duty to defend Floyd against Combs, it also has no duty to indemnify her. "[T]he duty to indemnify . . . arises only if it is established that the insured's damages are actually covered by the terms of the policy." *Allstate Ins. Co. v. Drumheller*, 185 F. App'x 152, 154 n.2 (3d Cir. 2006). As a result "once a court finds that there is no duty to defend, it must necessarily hold that there is no duty to indemnify either." *Westfield Ins. Co. v. Bellevue Holding Co.*, 856 F. Supp. 2d 683, 702 (E.D. Pa. 2012). Thus, because Floyd lacks a litigable defense to the claim that USAA has no duty to defend, Floyd also lacks a litigable defense to the claim that USAA has no duty to indemnify.

### 2. Prejudice to the Plaintiff

The second factor, whether denying the default judgment would prejudice the plaintiff, also weighs in favor of granting the default judgment. USAA is currently paying the cost to defend Floyd in Combs' civil suit. Failing to issue a default judgment would require USAA to continue to foot the bill for a defense it has no obligation to provide. This is sufficient prejudice to weigh this factor in USAA's favor.

### 3. Culpable Conduct

The third factor, whether Floyd's delay is due to culpable conduct, is neutral. As Floyd has not participated in this action, the Court has no information about why she defaulted. Courts have split over whether a defendant's failure to engage with a lawsuit, absent any additional information, justifies an inference that the defendant is culpable. *Compare Joe Hand Promotions*, 3 F. Supp. 3d at 272 ("[T]he defendant's failure or refusal to engage in the litigation process and to offer no reason for this failure or refusal may qualify as culpable conduct".) (internal quotations

---

conviction is a reason Floyd cannot rebut USAA's arguments by arguing the allegations in Combs' complaint concern unintentional conduct.

and citations omitted), *with Great Am. E & S Ins. Co. v. John P. Cawley, Ltd.*, 866 F. Supp. 2d 437, 442 (E.D. Pa. 2011) (treating defendant's failure to appear and defend as a neutral factor because "[t]he Court has no information related to the motivations" of the defendant). As such the third factor weighs in neither party's favor.

### 4. The Weight of the Factors

The first two factors weigh in USAA's favor and the third factor is neutral. Thus, the three factors taken together suggest entry of a default judgment is appropriate. *See Nova Cas. Co*, 2015 WL 5063954, at *6 ("Throughout this litigation, MJR has failed to appear or otherwise defend. Whether the Court considers the third factor as neutral or weighing in favor of default judgment, overall analysis of the three Rule 55(b) factors favors entry of default judgment."). As a result, USAA is entitled to a default judgment.

## III. CONCLUSION

For the forgoing reasons, the Court will grant USAA's motion for a default judgment. An Order consistent with this Memorandum will be docketed separately